Bueke, J.
The sole question presented on this appeal is whether a tenant may maintain an action for damages for breach of the covenant of quiet enjoyment where he has failed to perform conditions upon which the covenant is predicated.
In the present case, alterations in the building where plaintiff was a statutory tenant were commenced in July, 1955. From July until the end of October, while these alterations were going on, plaintiff did not abandon the premises. Hence there was no constructive eviction, and no basis for an action for breach of the covenant of quiet enjoyment.
*120 In November, 1955, rent payments ceased. During this month, alterations were started on that portion of the sixth floor not occupied by plaintiff. Although the premises itself was not entered upon, plaintiff urges that the removal of the toilet facilities and the demolition of an area used by plaintiff as a storeroom and shipping area constituted a partial actual eviction. Ordinarily, whether this area was included in the original lease would present a triable issue of fact. It is immaterial in the present case, since plaintiff failed to perform the conditions precedent, i.e., the payment of rent.
Under the original lease, the covenant of quiet enjoyment was predicated upon the payment of rent. Concededly, the rent was not paid from November 1, 1955. The partial actual eviction, if such it was, did not occur until after plaintiff was in default in his rent. He continued in default until obliged to surrender the premises pursuant to a warrant of dispossess, execution of which had been stayed until February 15,1956.
Such a default in the payment of rent deprives the plaintiff of his right to insist upon the performance of the covenant of quiet enjoyment. Furthermore, there is no suggestion that the performance of this condition precedent has been waived.
The general rules concerning breach of covenants of quiet enjoyment are quite clear. Whether the breach of the covenant is alleged as a defense to an action for rent due, or is used as a basis for an action for damages, the determining factor, with few exceptions, is whether the tenant has vacated the premises.
The rule, first enunciated in this jurisdiction in Dyett v. Pendleton (8 Cow. 727), is that if the lessor creates a nuisance or performs acts which preclude the tenant from the beneficial enjoyment of the property, as a result of which the tenant abandoned the premises, before rent becomes due, then the lessor cannot maintain an action for rent. The reason for the rule, basic in contract law, is that there was a failure of consideration — the tenant was deprived of the premises by the wrongful act of the landlord.
The Dyett case has set the keynote for cases that followed. Based on a sound rationale, the vigor of the rule remains unabated. It should be emphasized that the acts of the landlord must preclude the tenant from the beneficial enjoyment of the premises. Thus, in an action for rent, it is not sufficient for the *121 tenant to defend on the theory that there was a diminution of the beneficial enjoyment of the property. (Edgerton v. Page, 20 N. Y. 281; Two Rector St. Corp. v. Bein, 226 App. Div. 73.) Furthermore, there must be an abandonment of the premises by the tenant. (Boreel v. Lawton, 90 N. Y. 293; Thomson-Houston Elec. Co. v. Durant Land Improvement Co., 144 N. Y. 34.) Lastly, the ouster by the landlord, or the justified abandonment of the premises, amounting to an eviction in law, must have occurred before the rent has become due. (Fifth Ave. Bldg. Co. v. Kernochan, 221 N. Y. 370; Sully v. Schmitt, 147 N. Y. 248.) If the tenant is ousted before the rent becomes due, the landlord may not maintain an action in quantum meruit. (Christopher v. Austin, 11 N. Y. 216.)
In actions for damages for breach of the covenant of quiet enjoyment, a tenant likewise must show an ouster, or if the eviction is constructive, an abandonment of the premises. (Matter of O’Donnell, 240 N. Y. 99; Scriver v. Smith, 100 N. Y. 471; Grattan v. Tierney Sons, 226 App. Div. 811.) It is not necessary to show an ouster where the tenant attorns to a superior title (Matter of O’Donnell, supra; Lindwall v. May, 111 App. Div. 457) or where the landlord had covenanted to do a specific thing. (Thomson-Houston Elec. Co. v. Durant Land Improvement Co., supra.)
It is also a well-settled proposition that the tenant must perform the conditions precedent to maintain the action for breach of the covenant of quiet enjoyment, unless there was a waiver of those conditions. (Silken v. Farrell, 281 App. Div. 718, affd. 306 N. Y. 585; Baitzel v. Rhinelander, 179 App. Div. 735; Meyer v. Schulte, 160 App. Div. 236.) This is so since such breaches of covenant by the landlord are breaches of an independent covenant and, hence, do not exonerate a refusal or failure to pay rent.
These cases make it quite clear that unless there is an eviction, actual or constructive, there is no breach of the covenant of quiet enjoyment; and further, that to maintain an action on the covenant, plaintiff must have performed all covenants which are conditions precedent to his right to insist upon the covenant, unless these conditions have been waived.
Plaintiff, however, argues that notwithstanding its failure to pay the rent, it is nevertheless entitled to recovery since the *122 clause requiring the tenant to pay rent and to perform its other obligations is null and void by virtue of section 234 of the Real Property Law.
Section 234, however, applies to lease provisions, ‘1 exempting the lessor from liability for damages for injuries to person or property caused by or resulting from the negligence of the lessor ”. Here the action is for a breach of the covenant of quiet enjoyment in the lease. The plain meaning of the statute does not suggest that this covenant may not be conditioned upon the performance by the tenant of its covenants in the lease.
It should be noted that the lease in question, which was later extended and then projected into the statutory tenancy, was entered into in 1934. The statute became effective in 1937. This court has stated that the section was not retroactive in effect, but applied only to leases entered into after its effective date. (Weiler v. Dry Dock Sav. Inst., 284 N. Y. 630.)
Plaintiff here maintains that since the Appellate Division reversed the granting of the motion for summary judgment on defendant’s counterclaim for rent due, on the ground that there was an issue of fact as to whether the stockroom was part of the demised premises, that very same issue of fact is present in its action for breach of the covenant of quiet enjoyment and, therefore, defendant’s motion for summary judgment in this action should not have been granted. But as I have pointed out, in plaintiff’s action on the covenant, the defense of nonperformance of the conditions precedent eliminates this factual question entirely. Even if plaintiff could prove an actual partial eviction, it could not prevail since it failed to pay the rent.
In the counterclaim, however, whether the stockroom was part of the leased premises does present an important factual question. If it were part of the leased area, then a portion of the amount due for use of the premises would be attributable to the stockroom. Since there was an acknowledged demolition of ■the stockroom, there would be a prorata reduction in the amount paid for use and occupancy of the premises.
The judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Froessel and Van Voorhis concur.
Judgment affirmed.