MARTIN J. SULLIVAN *v.* NAMEAUG WALK-IN MEDICAL CENTER, P.C.
(12498)

LANDAU, FREEDMAN and SPEAR, Js.

Argued March 23—decision released July 19, 1994

*Bruce L. Elstein,* for the appellant (defendant).

*Joaquina L. Borges,* with whom, on the brief, was *Penny Q. Seaman,* for the appellee (plaintiff).

LANDAU, J. The defendant, Nameaug Walk-In Medical Center, P.C., appeals from the trial court's judgment of possession in favor of the plaintiff, Martin J. Sullivan. On appeal, the defendant claims that the trial court improperly held (1) that the plaintiff was entitled to the statutory relief of summary process pursuant to General Statutes § 47a-23,[1] and (2) that the covenant of quiet enjoyment implicitly provided the plaintiff, as landlord, with a basis for termination of the parties' lease agreement entitling the plaintiff to the statutory relief of summary process.

The following facts are relevant to this appeal. On July 7, 1980, the plaintiff and First Bank signed a lease agreement for the bank's use and occupancy of premises located in Groton. Connecticut National Bank (CNB) acquired First Bank, and CNB continued to occupy the premises. CNB assigned the lease to Walk-In Medical Care Centers of New England, Inc. (New

---

[1] General Statutes § 47a-23 provides in relevant part: "(a) When the owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land or building, any apartment in any building, any dwelling unit, any trailer, or any land upon which a trailer is used or stands, and (1) when a rental agreement or lease of such property, whether in writing or by parol, terminates for any of the following reasons: (A) By lapse of time; (B) by reason of any expressed stipulation therein; (C) violation of the rental agreement or lease or of any rules or regulations adopted in accordance with section 47a-9 or 21-70; (D) nonpayment of rent within the grace period provided for residential property in section 47a-15a or 21-83; (E) nonpayment of rent when due for commercial property; (F) violation of section 47a-11 or subsection (b) of section 21-82; (G) nuisance, as defined in section 47a-32, or serious nuisance, as defined in section 47a-15 or 21-80; or (2) when such premises, or any part thereof, is occupied by one who never had a right or privilege to occupy such premises; or (3) when one originally had the right or privilege to occupy such premises other than under a rental agreement or lease but such right or privilege has terminated, such owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, apartment or dwelling unit, at least five days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy."

England), who assigned the lease to the current tenant, the defendant. The plaintiff signed a consent form agreeing to the assignment between New England and the defendant. On September 2, 1992, pursuant to General Statutes § 47a-23, the plaintiff filed a summary process action against the defendant for nonpayment of rent. The lease agreement did not contain a provision entitling the plaintiff to terminate the defendant's right to possession on the basis of nonpayment of rent.[2]

The trial court, in its memorandum of decision, held that the nonpayment of rent could not be a ground for termination of the lease pursuant to § 47a-23 (a). The trial court did, however, hold that the covenant of quiet enjoyment implicitly provided the plaintiff with a means for termination, and entered judgment of possession in favor of the plaintiff. The defendant filed this appeal.

The defendant's first claim is that the plaintiff is not entitled to statutory relief under § 47a-23. It argues that § 47a-23, which enables a landlord to recover possession from a tenant upon the termination of a lease, cannot be invoked here because the lease lacked a provision that entitled the plaintiff, as landlord, to terminate the right of possession in the event of nonpayment of rent.[3] The plaintiff argues that the statute

---

[2] The lease did contain the following provision for default: "In the event the Lessee shall fail, refuse or neglect to make any or either of the payments provided for in this Lease, within ten (10) days of the due date thereof, then the Lessor may, at his option, pay the same in the amount or amounts of money so paid, including reasonable attorney's fees and expenses which might have been reasonably incurred because of or in connection with such payments, together with interest . . . shall be repaid by the Lessee to the Lessor, upon the demand of the Lessor, and the payment thereof may be collected or enforced by the Lessor in the same manner as though such amount were an installment of rent specifically required by the terms of this Lease to be paid by the Lessee to the Lessor, upon the day when the Lessor demands repayment thereof or reimbursement thereof of and from the Lessee; but the election of the Lessor to make such payments shall not waive the default thus committed."

[3] The trial court concluded that the "plain language of this statute indicates that a lease must be terminated in accordance with its terms before

applies, and should be read so as to provide that a lease may be terminated pursuant to an express provision within the lease, or for one of the seven reasons listed within the statute.

Both the plain language of the statute and Connecticut case law citing the statute make clear that the prerequisite for invoking the remedy of summary process is the termination of a lease agreement. General Statutes § 47a-23 provides in relevant part: "When the owner or lessor . . . desires to obtain possession or occupancy of any land or building . . . *and (1) when a rental agreement or lease of such property . . . terminates for any of the following reasons:* (A) By lapse of time; (B) by reason of any expressed stipulation therein . . . (E) nonpayment of rent when due for commercial property . . . ." This language is clear; it requires that the lease agreement first terminate according to its terms before the remedy of summary process is available to the lessor. Summary process is a statutory remedy that enables a landlord to recover possession from a tenant upon the termination of a lease. General Statutes § 47a-23. " '[T]he remedy of summary process is available only when there is a lease and it has been terminated. The purpose of the action is to enable the landlord upon such termination to recover possession from the tenant. . . . Because of the summary nature of this remedy, the statute granting it has been narrowly construed and strictly fol-

a summary process action can be brought. This section does not provide an independent method of termination for commercial leases. . . . [T]he lease does not contain a clause which expressly permits the lessor to terminate the lease for nonpayment of rent, and, therefore, the mere nonpayment of rent by the defendant cannot support the plaintiff's termination of the lease." While the defendant agrees with this proposition, it raises this issue in connection with the trial court's holding that the covenant of quiet enjoyment implicitly provides the lessor with a means of termination of the lease thereby invoking General Statutes § 47a-23 giving possession to the lessor.

lowed.' " (Citations omitted.) *Jefferson Garden Associates* v. *Greene,* 202 Conn. 128, 143, 520 A.2d 173 (1987); *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 600, 96 A.2d 217 (1953); *Housing Authority* v. *Harris,* 28 Conn. App. 684, 688–89, 611 A.2d 934 (1992), aff'd, 225 Conn. 600, 625 A.2d 816 (1993). "The necessary and only basis of a summary process proceeding is that the lease has terminated. . . . A failure to pay rent when due is not itself a basis of the proceeding . . . ." (Citations omitted.) *Webb* v. *Ambler,* 125 Conn. 543, 550, 7 A.2d 228 (1939). A tenant's failure to pay rent becomes a *factor* when a party claims a right to terminate on the basis of nonpayment, but does not provide a means to terminate the right to possession. Id. In this case, the lease, drafted by the plaintiff, did not contain a provision stating that the lease would terminate upon nonpayment of rent when due. Therefore, the trial court was correct in concluding that the commercial lease was not terminated by virtue of nonpayment of rent, and that § 47a-23 could not be invoked on this basis.

The defendant's second claim is that the trial court improperly concluded that the covenant of quiet enjoyment implicitly provided the plaintiff-landlord with a basis for termination, thus, giving rise to the plaintiff's right to pursue summary process relief. We agree with the defendant.

The trial court held, sua sponte,[4] that the covenant of quiet enjoyment clause[5] contained in the lease agreement made the defendant's right of possession under

[4] The trial court arrived at its conclusion without the benefit of oral arguments or briefs on this issue.

[5] The quiet enjoyment provision of the lease provides: "[T]he Lessee upon paying the rent and performing the covenants and agreements of the Lease shall quietly have, hold and enjoy the demised premises and all rights granted the Lessee in the Lease during the term thereof and extension thereto, if any."

the lease specifically dependent on the defendant's payment of rent. The court therefore concluded that, because the defendant failed to pay rent, the plaintiff could declare a forfeiture, and terminate the lease in accordance with its terms, thus providing the necessary conditions for an action for summary process pursuant to § 47a-23.

"[U]nder landlord-tenant law, [it is] the right of a tenant to enforce a covenant of quiet enjoyment . . . ." *Conference Center Ltd.* v. *TRC,* 189 Conn. 212, 218, 455 A.2d 857 (1983). The covenant assures that the lessee shall have legal quiet and peaceable possession and enjoyment of the leased premises, as far as regards the lessor, or anyone lawfully claiming through or under him, or anyone asserting a title to the leased premises superior and paramount to that of the lessor. Id., 220–22; *Net Realty Holding Trust* v. *Nelson,* 33 Conn. Sup. 22, 25, 358 A.2d 365 (1976); 49 Am. Jur. 2d, Landlord and Tenant § 330 (1970). The covenant of quiet enjoyment is the obligation of the landlord "to protect his tenant relative to the tenant's right to quiet and peaceful possession and enjoyment extends only to evictions and disturbances caused by himself or by someone with a paramount title." *Net Realty Holding Trust* v. *Nelson,* supra, 25. The covenant of quiet enjoyment operates as a shield for the lessee in protecting his possessory interests in his leasehold; it does not serve as a sword of the landlord to terminate a lease agreement in contravention of the lessee's possessory interests. *Dave Herstein Co.* v. *Columbia Pictures Corp.,* 4 N.Y.2d 117, 120–21, 149 N.E.2d 328, 172 N.Y.S.2d 808 (1958).[6]

---

[6] Where a covenant of quiet enjoyment is predicated on payment of rent, as in this case, and rent has not been paid, the tenant cannot maintain an action for damages against landlord for breach of covenant of quiet enjoyment. A landlord, however, does not receive the right to terminate a lease on the basis of a quiet enjoyment clause in the agreement. *Dave Herstein Co.* v. *Columbia Pictures Corp.,* supra, 4 N.Y.2d 120–21.

We conclude then that the trial court was incorrect in holding that the covenant of quiet enjoyment implicitly provided the plaintiff with a means of terminating the defendant's right to possession of the subject premises pursuant to General Statutes § 47a-23.

The judgment is reversed and the case is remanded with direction to render judgment for the defendant.

In this opinion the other judges concurred.

