[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this fourth commercial summary process action between the parties, the plaintiff seeks to dispossess the defendant for CT Page 5069 nonpayment of rent. The defendant denied nonpayment and filed several special defenses. Of those special defenses, only two, the Third and Fifth Defenses of the May 9, 1995 Amended Special Defenses, are considered on their merits[1]:
 THIRD DEFENSE. The written, commercial lease does not provide a remedy of eviction to the Plaintiff because the lease does not provide for termination upon nonpayment of rent, a precondition to bringing a summary process action under Conn. Gen. Stat. Sec. 47a-23.
 FIFTH DEFENSE. By his acts and/or omissions, the Plaintiff has constructively evicted the defendant from the leased premises for the month of December, 1994, thereby relieving the Defendant of her obligation to pay rent.
In her pleadings, the defendant admitted the following facts. On November 25, 1991, the parties entered into a written lease for premises located at 113 Main Street, Hartford. The parties agreed on a monthly rental of $550, and the defendant remains in possession. The parties further agreed that no rental payment was made to the plaintiff in December 1994.
The court further finds that on January 27, 1992, the parties signed an Amendment to Lease. Both the lease and the Amendment were drafted by the plaintiff, who is not an attorney. Neither document contains a provision for landlord's remedies upon default.
As to the Fifth Defense of constructive eviction, the court finds that the defendant has failed to meet her burden of proof. The Connecticut law of constructive eviction is not in dispute "The classic statement is that found in Amsterdam Realty Co. v.Johnson, 115 Conn. 243, 248, 161 A. 339 (1932), where this court held that `[a] constructive eviction arises where a landlord, while not actually depriving the tenant of possession of any part of the premises leased, has done or suffered some act by which the premises are rendered untenantable, and has thereby caused a failure of consideration for the tenant's promise to pay rent.'"Conference Center LTD v. TRC, 189 Conn. 212, 220 (1983). The testimony of both the defendant and her witness, the health department inspector, Noel Lugo, persuaded the court that the defendant failed to prove the plaintiff caused any condition to render the premises untenantable. Thomas v. Roper, 162 Conn. 343,349 (1972). CT Page 5070
As to the Third Defense, the defendant argues that because the written lease does not provide for termination on the basis of nonpayment of rent, this action must fail. Citing the recent Appellate Court case Sullivan v. Nameaug Walk-In Medical Center,35 Conn. App. 185 (1994), the defendant claims that the law of summary process does not provide nonpayment as a basis for eviction unless the written lease provides for it. The specific holding from Sullivan which lends credence to the defendant's argument is as follows:
 In this case, the lease, drafted by the plaintiff, did not contain a provision stating that the lease would terminate upon nonpayment of rent when due. Therefore, the trial court was correct in concluding that the commercial lease was not terminated by virtue of nonpayment of rent, and that 47a-23 could not be invoked on this basis.
35 Conn. App. at 189. The Court cites Webb v. Ambler, 125 Conn. 543,550 (1939) for this proposition. In that case, the court interpreted the predecessor statute to § 47a-23, which did not include a provision for nonpayment of rent for commercial property. The statute now applicable reads:
 (a) When the owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, desires to obtain possession or occupancy of any land or building, any apartment in any building, any dwelling unit, any trailer, or any land upon which a trailer is used or stands, and (1) when a rental agreement or lease of such property, whether in writing or by parol, terminates for any of the following reasons: (A) By lapse of time, (B) by reason of any expressed stipulation therein, violation of the rental agreement or Lease or of any rules or regulations adopted in accordance with section 47a-9 or 21-70; (D) nonpayment of rent within the grace period provided for residential property in section 47a-15a or 21-83; (E) nonpayment of rent when due for commercial property, . . .
(Emphases added).
Since the trial of this case, the Supreme Court, which had granted a petition for certification from the Appellate Court decision[2], issued a decision dismissing the petition as improvidently granted for the following reason:
After reviewing the briefs, the record and the arguments CT Page 5071 of counsel, we are persuaded that, in the circumstances of this case, we do not have an appropriate opportunity for a searching analysis of the relationship between the terms of a commercial lease and the requirements of a statutory action summary process under § 47a-23(a).
233 Conn. at 214-215.
C.G.S. § 47a-23 provides for a landlord to proceed with a summary process action upon termination of the lease or rental agreement. Courts have consistently interpreted this statute to find that the termination is effected through the notice to quit, the condition precedent to the summary process action. Lampasonav. Jacobs, 209 Conn. 724, 728 (1989). As the Appellate Court noted in Bridgeport v. Barbour Daniels Electronics, Inc.,16 Conn. App. 574, 583 (1988),
 Although many unequivocal acts may be sufficient to terminate all rights arising under a lease, the only foundation for a summary process action is a notice to quit.
Here, the plaintiff served a notice to quit stating grounds explicitly authorized under the statute. Notwithstanding the absence of a lease provision regarding default upon nonpayment of rent, the court finds that the plaintiff has met his burden to prove that due to the nonpayment of rent under the lease the notice to quit terminated the lease under C.G.S. §47a-23(a)(1)(E).
Judgment of possession may enter in favor of the plaintiff for nonpayment of rent.
Alexandra Davis DiPentima, Judge