[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM Of DECISION
The defendant's claim under Sullivan v. Nameaug Walk-inMedical Center, P.C., 35 Conn. App. 185, 189, 644 A.2d 398 (1994), appeal dismissed as improvidently granted, 233 Conn. 213 (1995), is not well taken. If, as the defendant claims, the terms of the lease have been reactivated, it is obligated under paragraph third to pay rent and, upon failure to do so, the plaintiff may terminate the lease under paragraph sixteenth. That the lease does not use the word "terminate" but, rather, gives the plaintiff the option to declare the lease null and void is of no substantive moment.
The defendant claims that the premises are inadequately described in the notice to quit. General Statutes § 47a-23 (b) provides that the notice to quit "shall be in writing substantially in the following form: `I (or we) hereby give you notice that you are to quit possession or occupancy of the (land, building, apartment or dwelling unit, or of any trailer or any land upon which a trailer is used or stands, as the case may be), now occupied by you at (here insert the address including apartment CT Page 2805 number or other designation, as applicable on or, before the(here insert the date) for the following reason (here insert the reason or reasons for the notice to quit possession or occupancy using the statutory language or words of similar import, also the date and place of signing notice). A.B.'."
The defendant signed a lease for premises "known as 1133 Dixwell Ave., Hamden, Ct., consisting of appr. 5, 600 square feet of warehouse space located on the ground floor." The defendant's own exhibits accompanying its motion to dismiss confirm that the plaintiff mailed letter to it addressed to 1133 Dixwell Avenue. The defendant's argument appears to be, that 1133 Dixwell Avenue is a very large building which other businesses also occupy.
The requirements for a notice to quit must be strictly followed. Vogel v. Brown, 133 Conn. 95, 97, 48 A.2d 237 (1946). However, the statute prescribing the contents of the form of such a notice states that it must be "substantially" in the form therein prescribed. The court is not persuaded by the defendant's claim. "[J]udicial appraisal of a landlord's compliance with both state and federal requirements for notices of termination must reflect the purpose that the notices were meant to serve. As we have held in other contexts . . . not every deviation from the strict requirements of either statutes or regulations warrants dismissal of an action for summary process. When good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." Jefferson Garden Associates v.Greene, 202 Conn. 128, 145, 520 A.2d 173 (1987).[1] The purpose of the description requirement in the notice to quit, quite obviously, is to apprise the lessee of what premises it is he is to vacate. The notice here satisfied that requirement. The statute, § 47a-23
(b), does not contemplate a description by metes and bounds but, rather by "address, including apartment number or other designation, as applicable. . . ." Notably, the defendant does not claim that the street or street number was inaccurate or that there was an "apartment number or other designation" which the plaintiff could have employed.
The defendant's claim that there no entity named "abacus Moving Transfer Storage" and that its accurate name is "Abacus Transfer Storage" is disposed of in Ducey v. Walsh ConstructionCo., 6 Conn. App. 256, 504 A.2d 565 (1986), and cases cited CT Page 2806 therein.
The defendant's claim that the action should be dismissed because the lease provides for arbitration is denied without prejudice also is not well taken. "Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it no action can be brought on the contract."Multi-service Contractors. Inc. v. Vernon, 181 Conn. 445, 447,435 A.2d 983 (1980). "Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the agreement. . . . In the absence of such express language, a provision for arbitration may be construed to be a condition precedent to suit by implication, but that implication must be so plain that a contrary intention cannot be supposed nor any other inference made. It must be a necessary implication." (Citation omitted.) Kantrowitz v. Perlman, 156 Conn. 224, 227, 240 A.2d 891
(1968). "The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court." Multi-ServiceContractors, Inc. v. Vernon, supra, 181 Conn. 448; see, e.g., Henry v. Cardinal Business Media, Inc., Superior Court, judicial district of Fairfield, No. CV95 0147159 S (March 15, 1996); Saxe v. AndersonKill Olick Oshinsky, Superior Court, Judicial District of New Haven at New Haven, No. CV 96-0385479 S (July 23, 1996); Bryan v.Warnaco, Inc., Superior court, judicial district of Fairfield, No. CV 33 39 81 S (July 26, 1996); Robinson v. Aetna Casualty SuretyCo., Superior Court, judicial district of Ansonia-Milford, No. CV89 02 87 57 (Jul. 20, 1990); Pocevic v. Bic Corporation, Superior Court, judicial district of Ansonia-Milford, No. CV90 03 14 90S (Sept. 14, 1990).
The defendant complains that the summons does not contain its proper address. This is not a jurisdictional claim. General Statutes § 52-45a; D'Ausilio v. Knoll, 5 Conn. Cir. 235 (1968); cf.Burger v. Frohlich, 4 Conn. Cir. 468, 471-472 (1967) (failure to state the address of the defendant in the writ).
The motion to dismiss is denied.
BY THE COURT
Bruce L. L. CT Page 2807Judge of the Superior Court