■ 85 JOHN STREET PARTNERSHIP, Appellant-Respondent, v KAYE INSURANCE ASSOCIATES, L.P., Respondent-Appellant. [689 NYS2d 473] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered December 22, 1998, which, *inter alia*, sustained defendant tenant's counterclaims for constructive eviction and electrical overcharges, and dismissed its affirmative defense of failure to mitigate damages, unanimously modified, on the law, to dismiss that portion of tenant's counterclaim

for constructive eviction as is based upon landlord's alleged faulty provision of electricity to the third and thirteenth floors, and otherwise affirmed, without costs.

If, as tenant claims, it was constructively evicted, its obligation to pay rent was suspended once it vacated (*see, Johnson v Cabrera*, 246 AD2d 578), and, having paid the rent until it vacated (*compare, Herstein Co. v Columbia Pictures Corp.*, 4 NY2d 117; *Baitzel v Rhinelander*, 179 App Div 735, 740-741), its claim for damages for breach of the covenant of quiet enjoyment is viable. Since the leases for the third and thirteenth floors unequivocally relieve landlord of liability for damages resulting from its provision of electricity regardless of who is to blame for any defect in respect thereto, tenant's counterclaim for damages based on defective provision of electricity to the third and thirteenth floors should have been dismissed. The record does not reveal the parties' contentions respecting arbitration as a method for resolving disputes concerning overcharges for electricity, and we therefore decline to address that issue. Landlord owed no duty to re-let the premises to mitigate damages, either in law (*see, Holy Props. v Cole Prods.*, 87 NY2d 130, 133-134), or under the leases, which provide that "Landlord shall in no event be liable in any way whatsoever for failure to re-let the demised premises". Tenant's claim of an oral agreement by landlord to re-let is prohibited by the lease provision barring oral modifications, and the claimed partial performance by landlord is neither unequivocally referable to the alleged oral modification nor incompatible with the agreement as written (*see, Rose v Spa Realty Assocs.*, 42 NY2d 338, 343-344). Concur—Ellerin, P. J., Williams, Mazzarelli and Buckley, JJ.