*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 12, 2015                    520692
_____

CITY OF TROY, NEW YORK,
                         Respondent,

          v
                                          MEMORANDUM AND ORDER

1776 SIXTH AVENUE, TROY, LLC,
                         Appellant.
_____

Calendar Date:   September 11, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

                        _____


          Hodgson Russ, LLP, Albany (Richard L. Weisz of counsel),
for appellant.

          Pattison, Sampson, Ginsberg & Griffin, PC, Troy (Michael E.
Ginsberg of counsel), for respondent.

                        _____


Egan Jr., J.

          Appeal from an order of the Supreme Court (McGrath, J.),
entered May 19, 2014 in Rensselaer County, upon a decision of the
court in favor of plaintiff.

          At some point prior to 2008, plaintiff received significant
funds earmarked for, among other things, redevelopment of its
City Hall site and waterfront district in the City of Troy,
Rensselaer County.  The project required plaintiff to vacate City
Hall and, to that end, plaintiff began searching for a site that
could serve as its temporary administrative headquarters.
Plaintiff ultimately selected a property identified by the
parties as the former Verizon building, which was owned by a
local developer and located at 1776 Sixth Avenue in Troy.  To
facilitate this transaction, the developer tendered a letter of

intent dated August 11, 2008 proposing a lease between plaintiff (as the tenant) and defendant (as the landlord) for the subject premises.  Insofar as is relevant here, the letter of intent provided that "[defendant] shall, at its sole expense, install an elevator within the [p]remises."  The letter of intent, which expressly stated that it was "not a binding agreement between the parties," further indicated that plaintiff and defendant would "work together to identify a suitable location within the [p]remises for [the] elevator installation."

Shortly thereafter, plaintiff's City Council approved — as amended — an ordinance authorizing plaintiff to enter into negotiations with defendant for the premises.  An addendum thereto — denominated by the parties as the Brown amendment — required plaintiff to provide defendant with "proposed layout plans from [plaintiff's engineering department], including a proposed location for the new elevator."  The Brown amendment also stated that the contemplated lease "shall not require [plaintiff] to commence the monthly rental payments prior to the completion of the [referenced] project."

The parties entered into a three-year lease for the premises in November 2008 with a stated rent commencement date of January 1, 2009.  Pursuant to section 9.01 of the lease, defendant was responsible — "at its sole cost and expense" — for maintaining and repairing the structural elements of the building, including the required elevator, which was to be installed by defendant by March 1, 2009.  This section of the lease also required defendant to replace any of the building's heating, ventilation and air conditioning (hereinafter HVAC) units that "in the opinion of a licensed engineer or contractor [were] beyond repair."  As reflected in section 26.01 of the lease, a certified copy of the underlying ordinance and the corresponding Brown amendment were attached as an exhibit thereto.

Due to various issues, including a delay in installing the elevator and resolving related code violations, plaintiff was unable to occupy the premises until December 2009.  In the interim, plaintiff tendered its rental payments but, in July 2009, began making such payments under protest and, in October

2009, commenced this action seeking to recover, among other things, the rental payments at issue. Following a nonjury trial, Supreme Court, among other things, awarded plaintiff $331,321.60 for rental and tax payments for the months of March 2009 through November 2009 (based upon defendant's breach of the covenant of quiet enjoyment) and, further, awarded plaintiff $25,323.95 on its breach of contract claim relative to one of the HVAC units (based upon defendant's refusal to replace such unit after it had been deemed to be beyond repair). This appeal by defendant ensued.

We affirm. Defendant initially contends that the delay in installing the elevator was occasioned, in large measure, by plaintiff's alternative proposals for the elevator's location. Hence, defendant argues, it cannot be held responsible for failing to install the elevator by the required date. Defendant's argument on this point is premised upon language contained in the August 2008 letter of intent, which was attached to and made a part of the amended ordinance authorizing plaintiff to enter into negotiations for the lease. A certified copy of the amended ordinance thereafter was referenced in and attached to the parties' lease. According to defendant, both the letter of intent and the Brown amendment compelled defendant to seek plaintiff's approval as to the location of the elevator; further, because the parties' lease referenced the ordinance and amendment thereto, which in turn referenced the letter of intent, the letter of intent must be deemed to be incorporated by reference into the resulting lease.

Even assuming, without deciding, that the letter of intent and/or the amended ordinance may be said to be incorporated by reference into the parties' lease, the fact remains that neither of these documents in any way excuses defendant's failure to install the elevator by March 1, 2009 as required by section 9.01 of the lease. Simply put, although the letter of intent indeed contemplated that plaintiff and defendant would collaborate on the location of the elevator, and the Brown amendment, in turn, required plaintiff to tender "proposed layout plans" showing, among other things, "a proposed location for the new elevator," nothing in either of those documents vested plaintiff with the final decision-making authority for siting the elevator in

question.  Rather, the parties' lease unequivocally required defendant to install the elevator by March 1, 2009 – a deadline that was in no way conditioned or dependent upon plaintiff's approval of the elevator's location.[1]  Under these circumstances, Supreme Court did not err in concluding that plaintiff bore no responsibility for specifying the final location for the elevator.

Having concluded that defendant failed to discharge its obligations under the lease with respect to the installation of the elevator, Supreme Court then turned to the issue of damages. To that end, Supreme Court concluded that, inasmuch as plaintiff paid rent without protest until July 2009, plaintiff waived its breach of contract claim to that extent.  Supreme Court nonetheless awarded plaintiff damages in the amount of $331,321.60, representing the rent and tax payments made by plaintiff "for the months of March 2009 through November 2009 . . . on its cause of action for breach of quiet enjoyment," finding that plaintiff "was substantially and materially deprived of the beneficial use and enjoyment of the premises from March 1, 2009 until September 16, 2009" due to defendant's failure to install the elevator in a timely fashion and, further, that plaintiff was constructively evicted from the premises from September 2009 through December 2009 based upon various outstanding code violations related thereto.

Defendant, as so limited by its brief, contends only that Supreme Court erred in awarding plaintiff a total of nine months of rental payments – asserting that plaintiff waived its entitlement to recover the March, April, May and June 2009 rental

---

[1]  To the extent that defendant points to certain testimony in the record that suggests that at least one of plaintiff's representatives believed that plaintiff had such authority, we need note only that parole evidence is not admissible to create an ambiguity where one does not otherwise exist (see Bank of Am., N.A. v Lang Indus., Inc., 127 AD3d 1457, 1458 [2015]).

payments by making such payments without protest.[2]  We disagree.
The case law makes clear that a tenant's "payment of all required
rent is a condition precedent to the maintenance of . . . an
action" for breach of the covenant of quiet enjoyment (Balzano v
Lublin, 162 AD2d 252, 253 [1990]; see Leider v 80 Williams St.
Co., 22 AD2d 952, 953 [1964]; cf. Parker v Marglin, 56 AD3d 374,
374 [2008]; see also Dave Herstein Co. v Columbia Pictures Corp.,
4 NY2d 117, 120-122 [1958]; 85 John St. Partnership v Kaye Ins.
Assoc., 261 AD2d 104, 105 [1999]).  Hence, plaintiff's payment of
rent during the months in question cannot be deemed to be a
waiver of its rights under this portion of the lease.

Finally, we cannot say that Supreme Court erred in awarding
plaintiff $25,323.95 in damages on its breach of contract claim
relative to one of the two rooftop HVAC units.  In this regard,
section 9.01 of the lease required defendant to replace HVAC
units that "in the opinion of a licensed engineer or contractor
[were] beyond repair."  Here, the engineer who inspected the
building's HVAC system concluded, insofar as is relevant here,
that one of the two rooftop condensing units was "at the end of
its useful life and ha[d] substantially deteriorated beyond
restoration or repair possibilities and [would] require
replacement."  Faced with this report, defendant reached out to
two HVAC contractors, both of whom agreed that the unit in
question needed to be replaced.  Despite this unanimous opinion,
defendant refused to replace the unit; as a result, plaintiff
expended $25,323.95 to make the unit in question operational.[3]
Given defendant's clear obligations under this portion of the
parties' lease, Supreme Court properly awarded plaintiff damages
for the sums it expended in this regard.  Defendant's remaining
contentions, to the extent not specifically addressed, have been

_____

[2]  As defendant has not briefed any other challenges to this
aspect of the damages award, we deem any issues relative to the
award's amount and/or composition to be abandoned.

[3]  The trial testimony revealed that there were ongoing
problems with the air conditioning at the premises throughout the
term of plaintiff's occupancy, resulting in numerous complaints
by plaintiff's employees.

examined and found to be lacking in merit.

McCarthy, J.P., Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court