Cafe Lughnasa Inc. v A&R Kalimian LLC (2019 NY Slip Op 07496)





Cafe Lughnasa Inc. v A&R Kalimian LLC


2019 NY Slip Op 07496


Decided on October 17, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2019

Friedman, J.P., Renwick, Kapnick, Gesmer, Kern, JJ.


10112N 100457/14

[*1] Cafe Lughnasa Inc., Plaintiff-Appellant,
v
A & R Kalimian LLC, Defendant-Respondent.


Michael Stepper, New York, for appellant.
Rosenberg & Estis, P.C., New York (Brett B. Theis of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered November 1, 2018, which denied plaintiff's motion to amend the second amended complaint, unanimously affirmed, without costs.
The court properly denied plaintiff's motion to amend the second amended complaint on the ground that the proposed amendments lack merit and would delay discovery and trial in this action. Leave to amend a pleading should be "freely given" (CPLR 3025[b]) "as a matter of discretion in the absence of prejudice or surprise" (Stroock & Stroock & Lavan v Beltramini, 157 AD2d 590, 591 [1st Dept 1990]). However, leave will be denied where the proposed amendment lacks merit or would serve no purpose other than to "needlessly complicate and/or delay discovery and trial" (Verizon N.Y. Inc. v Consolidated Edison, Inc., 38 AD3d 391, 391 [1st Dept 2007]).
The first, third, and fourth causes of action contained in the proposed third amended complaint are without merit as they are based on the 2014 and 2016 notices of default, which cannot provide a basis for a breach of contract claim (see Despresso of 42nd Street, LLC v Green 317 Madison, LLC, 2014 WL 916660, at *2, 2014 NY Slip Op 30508[U] [Sup Ct, NY Cty 2014]). The fifth cause of action contained in the proposed third amended complaint, which is for breach of contract based on the covenant of quiet enjoyment, is also without merit because plaintiff tenant was not evicted and did not pay rent (see Dave Herstein Co. v Columbia Pictures Corp., 4 NY2d 117, 121 [1958]). Leave to amend the second amended complaint to add the proposed second cause of action for water damage should also be denied based on the unexplained delay in bringing such claim and the prejudice to the defendant. Defendant landlord alleges that plaintiff was aware of "severe" flooding when it rained or when snow melted since March 2015. Plaintiff nonetheless waited until 2018, after defendant obtained a judgment of possession and a money judgment, to assert this new claim. Not only has plaintiff failed to explain this delay, but defendant would have its position inextricably changed if plaintiff were allowed to add the proposed claim, as the result would be additional expenses and lengthy litigation to investigate the merit or defenses of the claim, which could have been asserted while plaintiff was still in possession (see Barbour v Hospital for Special Surgery, 169 AD2d 385, 386 [1st Dept 1991]; Chichilnisky v Trustees of Columbia Univ. in City of N.Y., 49 AD3d 388, 389 [1st Dept 2008]).
The proposed third amended complaint also fails to "clearly [show] the changes or additions" between it and the second amended complaint, as directed by the court and required by CPLR 3025(b).
The court also properly found that the only remaining claim in the action is one for the defendant landlord's attorney's fees. Plaintiff's failure to pay rent foreclosed its claims under the breach of quiet enjoyment provision of the lease (see Dave Herstein Co. v. Columbia Pictures Corp., 4 NY2d 117, 121 [1958]). Moreover, plaintiff's failure to include a copy of the hearing [*2]transcript in the record on appeal precludes any review of the court's final determination that the only remaining issue was for attorney's fees (see Matter of Rose G. [Vincent G.], 120 AD3d 683, 684 [2d Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 17, 2019
CLERK