558 Seventh Ave. Corp. v E&B Barbers Inc. (2025 NY Slip Op 02546)

558 Seventh Ave. Corp. v E&B Barbers Inc.

2025 NY Slip Op 02546

Decided on April 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 29, 2025

Before: Kern, J.P., Kennedy, Friedman, Gesmer, Scarpulla, JJ. 

Index No. 155764/21|Appeal No. 4216|Case No. 2023-01779|

[*1]558 Seventh Avenue Corp., Plaintiff-Appellant,
v
E&B Barbers Inc. et al., Defendants-Respondents.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for appellant.
The Law Office of Diana Rubin, Manhasset (Diana Rubin of counsel), for respondents.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about March 21, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff landlord's motion for summary judgment and, upon a review of the record, dismissed the complaint as against defendant guarantor Emoniel Mulokandov in accordance with CPLR 3212(b), unanimously modified, on the law, to grant the landlord's motion for summary judgment as against the tenant and to reinstate the complaint as against Mulokandov, and to direct the landlord to serve notice on the City of New York in accordance with CPLR 1012(b)(2) and file proof of service, and the matter remanded to Supreme Court to address the constitutionality of Administrative Code of the City of NY § 22-1005 (the guaranty law), and otherwise affirmed, without costs.
Under article 23 of the lease between the landlord and defendant tenant E&B Barbers Inc., the tenant was entitled to "peaceabl[y] and quietly enjoy the premises," which were in the basement of the landlord's building, as long as it performed its obligations under the lease, which included the obligation to pay rent. Under article 9 of the lease, the tenant waived the provisions of Real Property Law § 227. The premises were shut down in March 2020 under Executive Order 202.7 (9 NYCRR 8.202.7) in response to COVID. At that time, the tenant stopped paying rent.
In October 2020, the landlord and the tenant executed a lease amendment that extended the lease term though December 2026, relieved the tenant of its obligation to pay its April 2020 rent and provided a discount on the remaining 2020 rent arrears. The tenant paid the monthly rent for November 2020, December 2020 and January 2021 but then ceased paying rent after January 2021. The tenant remained in possession of the premises until May 2021, when it vacated the premises without the landlord's permission.
The tenant is precluded from asserting a claim for breach of the covenant of quiet enjoyment because it was already in default of its obligation to pay rent at the time it vacated the leased premises. The law is clear that, in order for a tenant to assert a claim for breach of the covenant of quiet enjoyment, the tenant must have performed all obligations which are a condition precedent to its right to insist upon the covenant (see Dave Herstein Co. v Columbia Pictures Corp., 4 NY2d 117, 121 [1958]). When a tenant vacates the premises after defaulting on its obligation to pay rent, it is deprived of its right to insist upon the performance of the covenant of quiet enjoyment (see id. at 120). By the express terms of the lease, the tenant was obligated to pay rent while remaining in possession of the premises as a condition precedent to receiving the benefit of quiet enjoyment of the premises. Since the tenant remained in possession of the premises without paying rent, the tenant has failed to satisfy the condition precedent in the lease and is thereby precluded from claiming [*2]a breach of the covenant of quiet enjoyment (see id.).
Additionally, the tenant's claim that it was constructively evicted based on the landlord's breach of the lease is waived as the tenant expressly waived its rights under Real Property Law § 227 in article 9 of the lease (see Hudson Towers Hous. Co., Inc. v VIP Yacht Cruises, Inc., 63 AD3d 413, 413 [1st Dept 2009]). Moreover, the tenant's cross-motion for leave to amend its answer to assert constructive eviction as an affirmative defense was denied and it has not appealed from that branch of Supreme Court's decision.
Pursuant to article 19 of the lease, the landlord is entitled to attorneys' fees against the tenant since it has "prevail[ed] on the central claims advanced" (Sykes v RFD Third Ave. I Assoc., LLC, 39 AD3d 279, 279 [1st Dept 2007]).
Supreme Court should not have dismissed the action as against the guarantor in light of questions concerning the constitutionality of the guaranty law (see 513 W. 26th Realty LLC v George Billis Galleries, Inc., 220 AD3d 525, 525 [1st Dept 2023]). In the absence of any indication that the parties have served the City of New York with notice of the landlord's constitutional challenge to the guaranty law as required under CPLR 1012(b)(2), the landlord is directed to do so (id. at 525-526).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2025