Audthan LLC v Nick & Duke, LLC (2025 NY Slip Op 03126)

Audthan LLC v Nick & Duke, LLC

2025 NY Slip Op 03126

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Friedman, Gesmer, Michael, JJ. 

Index No. 652050/15|Appeal No. 4427|Case No. 2025-00339|

[*1]Audthan LLC, Plaintiff-Appellant,
v
Nick & Duke, LLC, Defendant-Respondent.

Katsky Korins, LLP, New York (Elan R. Dobbs of counsel), for appellant.
Bains Law PC, Hollis (Tejinder Bains of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about December 9, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff tenant's motion for summary judgment as to liability on so much of the cause of action for breach of contract (first cause of action) as alleges that defendant landlord repudiated the ground lease and on its cause of action for breach of the covenant of quiet enjoyment (second cause of action), and granted defendant landlord's motion for summary judgment to the extent of finding that the ground lease bars recovery of damages for breach of contract premised on defendant landlord's allegedly wrongful withholding of consent to a proposed cure agreement (PCA) with nonparty New York City Department of Housing Preservation and Development (HPD), unanimously modified, on the law, to grant plaintiff tenant's motion on so much of the first cause of action as alleges that defendant landlord repudiated the ground lease, and otherwise affirmed, without costs.
The tenant sustained its burden of establishing entitlement to summary judgment on liability on the first cause of action insofar as that cause of action alleged repudiation of the ground lease. The evidence submitted on plaintiff's motion was sufficient to show that, under the lease, the landlord was obligated to execute any cure agreement between HPD and the tenant as long as the agreement was consistent with the lease, in compliance with legal requirements, and reasonable. However, the landlord declared to HPD and the tenant in a letter dated June 4, 2021, that the landlord "will not, and will never, approve any version of a PCA, because no cure is warranted in light of adjudicated harassment." This declaration constitutes an "express and absolute refusal to perform" under the lease sufficient to constitute repudiation (Audthan LLC v Nick & Duke, LLC, 42 NY3d 292, 303 [2024] [internal quotation marks omitted]). The averments in an affirmation by the landlord's counsel stating that the landlord did not, in fact, intend to repudiate the contract does not contravene the plain intention of the June 4 letter (see Forward Publ., Inc. v International Pictures, 277 App Div 846, 846 [1st Dept 1950]).
Moreover, the record shows that the time designated for performance had not yet occurred, as the PCA did not comply with the lease and did not require a signature unless it was modified (see Audthan LLC, 42 NY3d at 303). On appeal, the landlord argues that it was not obliged to sign the proffered PCA because it did not comply with the law and was not reasonable. Thus, viewing the evidence in the light most favorable to the landlord, the tenant, as the nonrepudiating party, is entitled to damages for total breach (see Audthan LLC, 42 NY3d at 303; Lamarche Food Prods. Corp. v 328 Union, LLC, 178 AD3d 910, 911 [2d Dept 2019]).
Supreme Court properly denied summary judgment to the tenant on its cause of action for breach of the covenant of [*2]quiet enjoyment. Although the tenant made out a prima facie case that it was entitled to summary judgment on that cause of action, the record presents issues of fact as to whether the tenant performed all covenants that are conditions precedent to his right to insist on the covenant of quiet enjoyment (see Dave Herstein Co. v Columbia Pictures Corp., 4 NY2d 117, 121 [1958]). Although the tenant demonstrated payment of rent and upkeep of the existing building as required under § 16.01 of the lease, it failed to prove it was not in breach of any other lease provision, given the unresolved notices of termination and the 2015 adjudicated harassment of tenants (see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1998]).
Supreme Court also properly granted the landlord summary judgment dismissing the breach of contract cause of action to the extent it sought damages arising from the landlord's wrongful withholding of its approval of the PCA. Section 33.09 of the lease provides that each party waived its right to damages for withholding or delaying consent in connection with the lease, and states that the parties' "sole remedy" for any such acts is the right to seek injunctive relief. Accordingly, the tenant is not entitled to money damages for the landlord's alleged withholding of its approval. However, as stated above, tenant retains the right to seek damages on its remaining claims.
We reject the tenant's argument that § 33.09 immunizes the landlord from liability for grossly negligent conduct and is therefore barred on public policy grounds. Under a plain reading of § 33.09, that section of the lease is a sole remedy provision, not an exculpatory clause, as it "'was not intended to exculpate defendants from liability for a breach but rather was intended by the parties to provide a remedy for the breach'" (IS Chrystie Mgt. LLC v ADP, LLC, 205 AD3d 418, 420 [1st Dept 2022], quoting Matter of Part 60 Put-Back Litig., 36 NY3d 342, 357 [2020]). As the Court of Appeals has made clear, the public policy against immunizing parties from liability for gross negligence does not apply to sole remedy clauses (Matter of Part 60 Put-Back Litig., 36 NY3d at 348, 353).
Even if § 33.09 were read as an exculpatory clause, it would be against public policy only if it applied to "willful or grossly negligent acts," where the wrongdoing is fraudulent, malicious, or done in bad faith (see Kalisch-Jarcho, Inc. v City of New York, 58 NY2d 377, 384-385 [1983]; see also Matter of Part 60 Put-Back Litig., 36 NY3d at 355). This action, however, alleges breach of contract, which does not give rise to separate liability in tort (IS Chrystie Mgt. LLC, 205 AD3d at 420). The tenant does not claim, at least insofar as it seeks damages for breach of contract, that the landlord has committed an independent tort or violated a duty of care separate from its obligations under the lease (see Matter of Part 60 Put-Back Litig., 36 NY3d at 355, 358).[*3]
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025