MARTIN J. SULLIVAN *v.* NAMEAUG WALK-IN MEDICAL CENTER, P.C.
(15047)

PETERS, C. J., and CALLAHAN, BORDEN, BERDON and KATZ, Js.

Argued April 25—decision released May 16, 1995

*Penny Q. Seaman*, with whom, on the brief, was *Joaquina Borges King*, for the appellant (plaintiff).

*Bruce L. Elstein*, for the appellee (defendant).

PER CURIAM. In this certified appeal, the issue is whether General Statutes § 47a-23 (a)[1] permits a com-

---

[1] General Statutes § 47a-23 provides in relevant part: "(Formerly Sec. 52-532) NOTICE TO QUIT POSSESSION OR OCCUPANCY OF PREMISES. FORM. DELIVERY. FEDERAL TERMINATION NOTICE. (a) When the owner or lessor . . . desires to obtain possession or occupancy of any land or building . . . and (1) when a rental agreement or lease of such property, whether in writ-

mercial lessor to bring a summary process action to obtain possession of the property because of the lessee's nonpayment of rent when due, even if the lease does not provide expressly for its termination on that ground. The Appellate Court held that the absence of such a clause in the lease precluded the action brought by the plaintiff, Martin J. Sullivan, to regain possession of the leased property from the defendant, Nameaug Walk-in Medical Center, P.C. *Sullivan* v. *Nameaug Walk-in Medical Center, P.C.*, 35 Conn. App. 185, 189, 644 A.2d 398 (1994). We granted the plaintiff's petition for certification to review the merits of the Appellate Court's holding.[2]

After reviewing the briefs, the record and the arguments of counsel, we are persuaded that, in the circumstances of this case, we do not have an appropriate opportunity for a searching analysis of the relationship

ing or by parol, terminates for any of the following reasons: (A) By lapse of time; (B) by reason of any expressed stipulation therein; (C) violation of the rental agreement or lease or of any rules or regulations adopted in accordance with section 47a-9 or 21-70; (D) nonpayment of rent within the grace period provided for residential property in section 47a-15a or 21-83; (E) nonpayment of rent when due for commercial property; (F) violation of section 47a-11 or subsection (b) of section 21-82; (G) nuisance, as defined in section 47a-32, or serious nuisance, as defined in section 47a-15 or 21-80; or (2) when such premises, or any part thereof, is occupied by one who never had a right or privilege to occupy such premises; or (3) when one originally had the right or privilege to occupy such premises other than under a rental agreement or lease but such right or privilege has terminated, such owner or lessor, or his legal representative, or his attorney-at-law, or in-fact, shall give notice to each lessee or occupant to quit possession or occupancy of such land, building, apartment or dwelling unit, at least five days before the termination of the rental agreement or lease, if any, or before the time specified in the notice for the lessee or occupant to quit possession or occupancy. . . ."

[2] We granted the plaintiff's petition for certification, limited to the following issue: "Under the circumstances of this case, did the Appellate Court properly conclude that the defendant's failure to pay rent did not provide a basis for summary process under General Statutes § 47a-23 (a) (1) (E)?" *Sullivan* v. *Nameaug Walk-in Medical Center, P.C.*, 231 Conn. 923, 648 A.2d 167 (1994).

between the terms of a commercial lease and the requirements of a statutory action for summary process under § 47a-23 (a). Accordingly, we conclude that the appeal must be dismissed because certification was improvidently granted. See *Packtor* v. *Seppala & AHO Construction Co.*, 231 Conn. 367, 370, 650 A.2d 534 (1994); *L. & L. Builders, Inc.* v. *Parmelee*, 221 Conn. 203, 206, 602 A.2d 1016 (1992); *Shaham* v. *Capparelli*, 219 Conn. 133, 135, 591 A.2d 1269 (1991); *Lawler* v. *Lawler*, 212 Conn. 117, 119, 561 A.2d 128 (1989).

The appeal is dismissed.