[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The principal issue raised by the defendant's motion to dismiss this summary process action concerns the legal sufficiency of the notice to quit in light of the requirements of 42 C.F.R. § 880.607 (c)(1).
"In 1974, Congress amended the United States Housing Act of 1937 (Housing Act) to create what is known as the Section 8 housing program. Through the Section 8 program, Congress hoped to `ai[d] low-income families in obtaining a decent place to live,'42 U.S.C. § 1437 (a) (1988 ed., Supp. III), by subsidizing private landlords who would rent to low income tenants. Under the program, tenants make rental payments based on their income and ability to pay; the Department of Housing and Urban Development (HUD) then makes `assistance payments' to the private landlords in an amount calculated to make up the difference between the tenant's contribution and a `contract rent' agreed upon by the landlord and HUD." Cisneros v. Alpine Ridge Group, 513 U.S. 11,12 (1993). In 42 U.S.C. § 1437f(d)(1)(B)(ii), Congress provided that during the term of a lease between a landlord (owner) and a Section 8 tenant, "the owner shall not terminate the tenancy except for serious or repeated violations of the terms and conditions of the lease, for violation of applicable federal, State, or local law, or for other good cause. . . ." CT Page 11129 Moreover, "any termination of tenancy shall be preceded by the owner's provision of written notice to the tenant specifying the grounds for such action. . . ." 42 U.S.C. § 1437f
(d)(1)(B)(iv).
HUD has promulgated administrative regulations to carry into effect the intent of Congress in the implementation of the legislation. One such regulation provides that in order for a landlord to terminate a Section 8 tenancy, "[t]he owner must give the [Section 8] family a written notice of any proposed termination of tenancy, stating the grounds and that the tenancy is terminated on a specified date and advising the family that it has an opportunity to respond to the owner." 42 C.F.R. § 880.607 (c)(1).
The complaint in this action alleges that the defendant June Firment, leased a dwelling unit from the plaintiff under the so-called Section 8 federally subsidized housing program. On May 31, 1997, the plaintiff caused a notice to quit to be served on the defendant based on her alleged violations of General Statutes §§ 47a-11(a), (b).[1] The notice called for the defendant to quit possession on or before June 18, 1997, and contained the following language:
 This notice is given for the following reasons: TERMINATION OF LEASE DUE TO MATERIAL NONCOMPLIANCE PURSUANT TO 24 C.F.R. [§] 880.607 and TERMINATION OF LEASE DUE TO VIOLATIONS OF TITLES 47a-11(a) AND 47a-11(b) of the C.G.S. You and/or you [sic] family and guests have failed to comply with all obligations primarily imposed upon tenants by applicable provisions of building, housing and fire codes which materially affects the health and safety of other tenants. You and/or family and guests have failed to keep such part of the premises which you occupy and use as clean and safe as the condition of the premises permits which materially affects the health and safety of other tenants. There is a large amount of combustible material and trash throughout your apartment which is a fire hazard and life threatening to yourself and other tenants and TERMINATION OF LEASE DUE TO A MATERIAL ON COMPLIANCE OF AN EXPRESSED STIPULATION IN YOUR RENTAL AGREEMENT. You have an unauthorized occupant residing in your apartment unit which is CT Page 11130 in violation of your your [sic] rental; and you have failed to keep your unit in a clean and safe condition which is also in violation of your rental agreement.
 You are hereby advised that if you wish to discuss this termination of your tenancy, then you may respond to the managing agent, Winn Management Company, 55 Messina Drive, East Haven, Ct. 06512, (203) 468-7224.
 You have ten (10) calendar days within which to discuss the termination of tenancy in writing or in person with Winn Management Company, 55 Messina Drive, East Haven, Ct. 06512, (203) 468-7224.
 You are hereby notified that if you remain in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time you have a right to defend the action in court.
On June 21, 1997, the plaintiff commenced this summary process action. The defendant first requested that the plaintiff revise its complaint. She has now moved to dismiss the complaint alleging that the court lacks subject matter jurisdiction because the plaintiff failed to comply with the notice and other requirements of 24 C.F.R. § 880.607 for the termination of a Section 8 subsidized tenancy.
 I
A motion to dismiss is the proper procedural vehicle by which to challenge a court's subject matter jurisdiction. Practice Book § 142 et seq. "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it . . . . Jurisdiction invokes the power in a court to hear and determine the cause of action presented to it and its source is the constitutional andstatutory provisions by which it is created. (Citations omitted; internal quotation marks omitted.) State v. Carey, 222 Conn. 299,304-305, 610 A.2d 1147 (1992); Craig v. Bronson, 202 Conn. 93,101, 520 A.2d 155 (1987)." (Emphasis added.) State v. Piorkowski,37 Conn. App. 252, 258, 656 A.2d 104 (1995), reversed on other CT Page 11131 grounds, 236 Conn. 388, 672 A.2d 921 (1996); see HUD/Barbour-Waverlyv. Wilson, 235 Conn. 650, 657, 668 A.2d 1309 (1995) ("The legislature is the branch of government empowered to bestow subject matter jurisdiction.").
"Summary process is a statutory remedy that enables a landlord to recover possession from a tenant upon the termination of a lease." Sullivan v. Nameaug Walk-in Medical Center, P.C.,35 Conn. App. 185, 188, 644 A.2d 398 (1994), appeal dismissed,233 Conn. 213, 657 A.2d 639 (1995). The Superior Court has subject matter jurisdiction over summary process actions. See General Statutes § 47a-23a. "The jurisdiction of the Superior Court in summary process actions, however, is subject to a condition precedent." Lampasona v. Jacobs, 209 Conn. 724, 728-729,553 A.2d 175, cert. denied, 492 U.S. 919, 109 S.Ct. 3244, 1061 L.Ed.2d 590 (1989). "As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." Id.
General Statutes § 47a-23 sets forth the requirements of a notice to quit. General Statutes § 47a-23 (e) does state: "A termination notice required pursuant to federal law and regulations may be included in or combined with the notice required pursuant to this section and such inclusion or combination does not thereby render the notice required pursuant to this section equivocal, provided the rental agreement or lease shall not terminate until after the date specified in the notice for the lessee or occupant to quit possession or occupancy or the date of completion of the pretermination process, whichever is later." Neither this provision nor any other statute requires compliance with 24 C.F.R. § 880.607 before the court acquires subject matter jurisdiction.
It is so that in Jefferson Garden Associates v. Greene,202 Conn. 128, 143, 520 A.2d 173 (1987), the court stated that "before a landlord may pursue its statutory remedy of summary process under § 47a-23, the landlord must prove its compliance with all the applicable preconditions set by state and federal law for the termination of a lease. . . . In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction." While compliance with federal law is a precondition to the remedy afforded summary process, I do not construe the language inJefferson Garden as a clear statement that compliance with the CT Page 11132 federal regulation is required in order for the Superior Court to have subject matter jurisdiction of a summary process action. Summary process is strictly a state law cause of action. Since the General Statutes do not require compliance with federal law, noncompliance does not impair the subject matter jurisdiction of the court. Any other conclusion does violence to the concept of subject matter jurisdiction.
However, in the interests of expediency, the court will treat the defendant's motion to dismiss as a motion to strike. SeeCommissioner of Environmental Protection v. Lake Phipps LandOwners Corporation, 3 Conn. App. 100, 102, 102 n. 2, 485 A.2d 580
(1985).
 II
The first ground of the defendant's motion is that an April 1, 1997 letter preceding the notice to quit, although suggesting an opportunity to cure the tenancy violations, did not "`advis[e] the family that it has an opportunity to respond to the owner' as required by federal law."
Section 880.607(c)(1) of the Code of Federal Regulations states: "The owner must give the family a written notice of any proposed termination of tenancy, stating the grounds and that the tenancy is terminated on a specified date and advising the family that it has an opportunity to respond to the owner." Here, the notice to quit expressly stated:
 You are hereby advised that if you wish to discuss this termination of your tenancy, then you may respond to the managing agent, Winn Management Company, 55 Messina Drive, East Haven, Ct. 06512, (203) 468-7224.
 You have ten (10) calendar days within which to discuss the termination of tenancy in writing or in person with Winn Management Company, 55 Messina Drive, East Haven, Ct. 06512, (203) 468-7224.
This notice to quit, given subsequent to the April 1, 1997 letter, clearly complied with this provision of24 C.F.R. § 880.607 (c). Cf. Jefferson Garden Associatesv. Greene, supra, 202 Conn. 146-147.
III
CT Page 11133
The second ground advanced by the defendant is that "[t]he notice to quit does not state that this action is a `proposed' termination prior to the actual termination of the lease, as required by federal law. Thus, there is nothing in the language if the notice to quit itself which would notify the tenant of her right to meet with the plaintiff to attempt to work out the problem prior to terminating the lease." "While this argument has some superficial appeal, upon further analysis, we must reject this claim also." Koepke v. Zoning Board of Appeals,30 Conn. App. 395, 400-401, 620 A.2d 811 (1993), rev'd on other grounds,230 Conn. 452, 645 A.2d 983 (1994).
Four principles are relevant in the determination of the adequacy of the notice here. First, as the Supreme Court stated in Jefferson Garden Associates v. Greene, supra, 202 Conn. 145, "judicial appraisal of a landlord's compliance with both state and federal requirements for notices of termination must reflect the purpose that the notices were meant to serve. As we have held in other contexts, in which regulatory and constitutional rights were also implicated; State v. Godek, 182 Conn. 353, 359-60,438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S.Ct. 1741,68 L.Ed.2d 226 (1981); not every deviation from the strict requirements of either statutes or regulations warrants dismissal of an action for summary process. When good cause for termination of a lease has clearly been shown, and when notices of termination have been sent in strict compliance with statutory timetables, a landlord should not be precluded from pursuing summary eviction proceedings because of hypertechnical dissection of the wording of the notices that he has sent." Second, notice is adequate if it fairly and sufficiently apprises persons of ordinary intelligence who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation therefor. See, e.g., Woodburn v.Conservation Commission, 37 Conn. App. 166, 177, 655 A.2d 764
(1995). Third, "[t]he adequacy of the notice with regard to the opportunity granted the plaintiff . . . must be determined from the notice construed as a whole. . . ." Bridgeport Bowl-O-Rama,Inc. v. Zoning Board of Appeals, 195 Conn. 276, 282, 487 A.2d 559
(1985); see Schmidt v. Manchester, 92 Conn. 551, 554, 555,103 A. 654 (1918). Fourth, the sufficiency of the notice may be supported by other temporally proximate communications between the parties. Jefferson Garden Associates v. Greene, supra,202 Conn. 147-148; Southland Corporation v. Vernon, 1 Conn. App. 439,452, 473 A.2d 318 (1987), cited with approval in JeffersonCT Page 11134Garden, supra 202 Conn. 145.
Judged against these standards, the plaintiff's notice adequately complied with the federal regulation. See JeffersonGarden Associates v. Greene, supra, 202 Conn. 147-148. The purpose of 24 C.F.R. § 880.607 (c)(1) is to apprise a Section 8 tenant that she is being evicted (i.e., that her tenancy is being terminated) by a specified date, the reasons for that action, and that she may discuss the termination with the owner in an attempt to obviate it. The notice here gave the defendant notice to quit possession of the dwelling unit in accordance with prescribed time limits; described in detail the reasons for the notice, which facially rose to the level of "good cause"; cited24 C.F.R. § 880.607 and General Statutes § 47a-11(a), (b); explained who, when, where and how the defendant could discuss the termination of the tenancy, and stated that if the defendant did not vacate by the specified date, the plaintiff could resort to judicial action. The federal regulation requires that the notice advise the Section 8 tenant "that it has the opportunity to respond to the owner." It need not, although it may, spell out that the tenant has the opportunity to persuade the landlord not to terminate the tenancy. Nor need the notice state that the termination is a "proposed" termination. Unlike General Statutes § 47a-23 (b),[2] 24 C.F.R. § 880.607
(c)(1) does not prescribe a form for the notice. The characterization of termination in the federal regulation as aproposed termination is merely the drafter's characterization of the tenancy's status at the time the notice is served. A reading of the regulation as a whole reveals that "proposed termination" is the subject of the notice; what must be stated in the notice follows the word "stating" in the regulation. While explaining in the notice that the termination of the tenancy is not yet a foregone conclusion and that the means of preserving it may lay with the tenant might make the notice clearer, Jefferson Garden
teaches that perfect clarity is not the test to which the notice is to be put.
The defendant also argues that the notice was defective because in a letter to the defendant a month earlier the plaintiff wrote: "Your rental agreement is hereby terminated on May 6, 1997, unless such breach is remedied on your part within 21 days of your receipt of this notice." The plaintiff counters that this statement was contained in a so-called "Kapa" notice, pursuant to General Statutes § 47a-15[3] and did not terminate the tenancy. The letter is not a part of the record, CT Page 11135 nor is the defendant's response to it. "This case must be decided on the record." Augeri v. Planning Zoning Commission,24 Conn. App. 1721 179, 586 A.2d 635 (1991), cert. denied, 218 Conn. 904,588 A.2d 1383 (1991).
Finally, the defendant argues that plaintiff's notice could not have been a proposed notice to terminate the tenancy, pursuant to 24 C.F.R. § 880.607 (c)(1) because under Connecticut law, a tenancy is generally terminated on service of a notice to quit. While this undoubtedly is true; Kligerman v.Robinson, 140 Conn. 219, 222, 99 A.2d 186 (1953); Borst v. Ruff,137 Conn. 359, 361, 77 A.2d 343 (1950); Thompson v. Coe,96 Conn. 644, 651, 115 A. 219 (1921); General Statutes § 47a-23 (e) alters this rule, providing that when "a termination notice required pursuant to federal law and regulations [is] . . . included in or combined with the notice required pursuant to this section . . . the rental agreement or lease shall not terminate until after the date specified in the notice for the lessee or occupant to quit possession or occupancy or the date of completion of the pretermination process, whichever is later."
The plaintiff's notice satisfied the requirements of24 C.F.R. § 880.607 (c)(1).
 IV
Finally, the defendant argues that the court lacks subject matter jurisdiction because the plaintiff, in fact, did not afford her an opportunity to discuss the termination of her tenancy before its effective date. The plaintiff answers this claim with documents outside of the record. In no way does this claim implicate the court's subject matter jurisdiction; see discussion in Part I; nor is it properly raised by a motion to strike. "`The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff.' (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Westport Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862
CT Page 11136 (1992)." Waters v. Autuori, 236 Conn. 820, 825-826, 676 A.2d 357
(1996).
The motion to dismiss is denied.
BY THE COURT
________________________________ Bruce L. LevinJudge of the Superior Court