[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #101
On January 16, 2001, the plaintiff, Victor Holloway, filed a four-count complaint against the defendants, Harold and Judith Hotchkiss. In his complaint, the plaintiff alleges that he was the tenant of a residential apartment owned by the defendants pursuant to an oral month-to-month lease. The plaintiff alleges that the oral lease included the use and occupancy of the apartment as well as the use of a garage located to the rear of the residence. The plaintiff further alleges that he stored personal items in the garage pursuant to the oral lease agreement. The plaintiff alleges that on December 18, 1998, third parties employed by the defendants demolished the garage without notifying the plaintiff and without providing him with the opportunity to remove his personal property. It is alleged that as a result of the defendants' actions, the plaintiff's personal property was either taken by third parties or CT Page 11206 disposed of with the waste material of the garage.
The first count of the plaintiff's complaint alleges that the defendants were negligent and careless in guarding and protecting the personal property of the plaintiff. The second count alleges that the defendants were negligent in failing to inform the plaintiff of the forthcoming demolition of the garage. Count three alleges that breach of the covenant of quiet enjoyment due to the plaintiff under the oral lease and count four alleges conversion.
On February 13, 2001, the defendants filed a motion to strike counts one and three, along with a supporting memorandum of law, arguing that both counts are legally insufficient.
 DISCUSSION
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). The role of the court is to "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Pamela B. v. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Doe v. Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[I]t does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Id., 588.
In their motion to strike, the defendants argue that the first count of the complaint is legally insufficient because the plaintiff has failed to allege facts to support the claim that the defendants owed a duty to protect and safeguard the plaintiff's personal property. In his objection, the plaintiff argues that General Statutes § 47a-7[1]
and the warranty of habitability requires that the landowners maintain the premises in a habitable condition throughout the term of the lease. The plaintiff argues that because the defendants have failed to properly maintain the entire premises, such negligence constitutes a breach of the duty to maintain. CT Page 11207
While the plaintiff fails to allege a statutory duty under § 47a-7
or a breach of the warranty of habitability, he does allege that the landlord, by an oral lease, undertook the duty to safeguard and protect the plaintiff's personal property stored in the agreed-upon garage space. (Complaint, Count 1, ¶ 3.) "The issue of whether the defendant owed the plaintiff a duty of care is an appropriate one for a motion to strike because the question embodies a matter of law to be decided by the court." Bennett v. Connecticut Hospice, Inc., 56 Conn. App. 134, 137,741 A.2d 349 (1999), cert. denied, 252 Conn. 938, 747 A.2d 2 (2000), citing Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 171,544 A.2d 1185 (1988). "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." (Internal quotation marks omitted.) Maffucci v. RoyalPark Ltd. Partnership, 243 Conn. 552, 566, 707 A.2d 15 (1998) "[O]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) Petriello v. Kalman,215 Conn. 377, 382-83, 576 A.2d 474 (1990). "Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual." (Internal quotation marks omitted.) Jaworski v. Kiernan, 241 Conn. 399, 405,696 A.2d 332 (1997)
"We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." (Internal quotation marks omitted.) Gazo v. Stamford,255 Conn. 245, 250-51, 765 A.2d 505 (2001)
Because the plaintiff alleges that the oral lease agreement permitted him to use the garage as a storage area for his personal property, the issue is whether an ordinary person in the defendants' position, knowing what they knew or should have known, would anticipate that the harm suffered by the plaintiff was likely to result. Specifically, the issue is whether it was foreseeable that the plaintiff's property could be damaged from the demolition of the garage. Assuming the plaintiff's allegations to be true, the defendants' were aware that the plaintiff had use of the garage pursuant to the oral lease agreement. Furthermore, it CT Page 11208 is well within the interests of public policy to discourage landlords from razing structures that tenants have legally contracted to use without proper warning. Accordingly, this court finds that because the plaintiff was a foreseeable victim of the defendants' conduct, the defendants' motion to strike the first count must be denied.
Additionally, the defendants argue that count three is legally insufficient because allegations for breach of the covenant of quiet enjoyment is proper only where the plaintiff's claim for damages arises from eviction or by someone claiming superior title. In response, the plaintiff argues that the claim is legally sufficient because a portion of the leased premises was taken from the plaintiff when the defendants demolished the garage.
Under Connecticut law, it is the "right of a tenant to enforce a covenant of quiet enjoyment." Conference Center Ltd. v. TRC, 189 Conn. 212,218, 455 A.2d 857 (1983). "The covenant [of quiet enjoyment] assures that the lessee shall have legal quiet and peaceable possession and enjoyment of the leased premises, as far as regards the lessor, or anyone lawfully claiming through or under him, or anyone asserting a title, to the leased premises superior and paramount to that of the lessor." Sullivan v.Nameaug Walk-In Medical Center, P.C., 35 Conn. App. 185, 190, 644 A.2d 398
(1994), appeal dismissed, 233 Conn. 213, 657 A.2d 639 (1995). "The covenant of quiet enjoyment is the obligation of the landlord to protect his tenant relative to the tenant's right to quiet and peaceful possession and enjoyment extends only to evictions and disturbances caused by himself or by someone with a paramount title. . . . (Internal quotation marks omitted.) Id. "The covenant of quiet enjoyment . . . is broken only by an entry on and an expulsion from the land or from an actual disturbance of possession by virtue of some paramount title or right." Net Realty Holding Trust v. Nelson, 33 Conn. Sup. 22, 25,358 A.2d 365 (1976).
Because the plaintiff has not alleged that he was forced off of the land by the defendants, it must be determined whether the demolition of the garage resulting in the destruction of the plaintiff's property constitutes "an actual disturbance, of possession by virtue of some paramount title or right." Id. In count three, the plaintiff alleges, by incorporation, that he entered into an oral month-to-month lease with the defendants for the use of a residential apartment and garage. The plaintiff also alleges that pursuant to the oral lease agreement, he stored personal property in the garage. The plaintiff fails to allege that there was an eviction, either actual or constructive, that interfered with his right to peaceful possession and quiet enjoyment. The court finds, therefore, that the demolition of the garage by the defendants does not constitute a breach of the covenant of quiet CT Page 11209 enjoyment because the plaintiff has not been dispossessed of the property. Accordingly, the defendants' motion to strike count three is hereby granted.
CHASE T. ROGERS, J.