[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is a summary process action in which the plaintiff, Dona Menton, seeks to evict the defendant, Gerard Gaul, for failure to pay rent. On August 10, 2002, the plaintiff and defendant entered into a written lease agreement. The lease was hand written and contained only bare essential terms. Under the agreement, the plaintiff leased the lower level area of her home at 22A Park Place in Riverside, Connecticut, to the defendant on a month to month basis, and the defendant was to pay the plaintiff $750 a month in rent for personal use of the premise. The plaintiff alleges that since the inception of the lease, the defendant has not paid her any rent.
On September 9, 2002, the plaintiff served the defendant with a notice to quit for failure to pay rent. On September 19, 2002, the plaintiff filed a summary process complaint. The defendant now moves to dismiss the plaintiffs complaint on the ground that the court lacks subject matter jurisdiction. The defendant contends that because the lease does not provide a penalty for nonpayment of rent, the court lacks jurisdiction to hear the case. The plaintiff filed a memorandum of law and affidavit in opposition to the defendant's motion.
"A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Kizis v. Morse DieselInternational, Inc., 260 Conn. 46, 51, 794 A.2d 498 (2002); Practice Book § 10-31. "[T]he question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." (Internal quotation marks omitted.) Webster Bank v. Zak, 259 Conn. 766, 774, 792 A.2d 66
(2002).
"There is no doubt that the Superior Court is authorized to hear summary process cases. . . . The jurisdiction of the Superior Court in summary process actions, however, is subject to a condition precedent. Before the court can entertain a summary process action and evict a tenant, the owner of the land must previously have served the tenant with notice to quit. . . . This is true under . . . the general summary process statute, General Statutes 47a-23 (a). . . ." (Citations omitted.)Lampasona v. Jacobs, 209 Conn. 724, 728-29, 553 A.2d 175, cert. denied,492 U.S. 919, 109 S.Ct. 3244, 106 L.Ed.2d 590 (1989).
"Summary process is a special statutory procedure designed to provide an expeditious remedy. . . . It enable[s] landlords to obtain possession of leased premises without suffering the delay, loss and expense to which, under the common-law actions, they might be subjected by tenants wrongfully holding over their terms. . . . Summary process statutes secure a prompt hearing and final determination. . . . Therefore, the statutes relating to summary process must be narrowly construed and strictly followed." (Citations omitted; internal quotation marks omitted.) Young v. Young, 249 Conn. 482, 487-88, 733 A.2d 835 (1999). "The failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action." Bridgeport v.Barbour-Daniel Electronics, Inc., 16 Conn. App. 574, 582, 548 A.2d 744
(1988), cert. denied, 209 Conn. 826, 552 A.2d 432 (1989).
The defendant contends that this action should be dismissed because the handwritten lease agreement failed to state the consequences of nonpayment of rent. As legal authority for this argument, the defendant relies exclusively on Sullivan v. Nameaug Walk-In Medical Center, P.C.,35 Conn. App. 185, 644 A.2d 398 (1994), appeal dismissed, 233 Conn. 213,657 A.2d 639 (1995). Sullivan involved a summary process action in which the defendant was charged with failing to pay rent under a commercial lease agreement. Id., 187. Failing to pay rent, the court reasoned, is not itself a basis for summary process, but rather, the only basis for summary process is termination of the lease. Id., 189. In Sullivan, because the lessor never terminated the lease, he could not invoke summary process. Id.
Sullivan is not controlling on the case at bar for two primary reasons. First, the holding in Sullivan may not be read as broadly as the defendant suggests. In relevant part, Sullivan stands for two correlative propositions: a lease must be terminated before summary process may begin; and termination of a lease is the necessary and only basis of a summary process proceeding. Id., 188-189. By serving a proper notice to quit, a landlord performs an act which is "sufficiently unequivocal to terminate the tenancy." Borst v. Ruff, 137 Conn. 359, 361, 77 A.2d 343
(1950); see also General Statutes § 47a-15a.[1]
In this case, the plaintiff terminated the lease agreement between the parties on September 9, 2002, when the notice to quit was served on the defendant. The lease agreement was terminated prior to summary process. The plaintiff, therefore, has not acted in a way that conflicts withSullivan. Second, the lease agreement in this case was an informal handwritten lease, unlike the commercial lease agreement discussed inSullivan. It would contravene public policy for this court to afford defaulting tenants the right to avert summary process whenever a lease CT Page 15629-a agreement fails to dictate obvious ramifications for nonpayment of rent. Neither Sullivan nor public policy supports the defendant's motion for dismissal.
Accordingly, the defendant's motion to dismiss is denied.
By The Court,
COCCO, J.