******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* MATTHEW
S. LAVECCHIA
(AC 44003)

Elgo, Cradle and DiPentima, Js.

*Syllabus*

The defendant, who had been convicted after a jury trial of the crime of
assault in the third degree in connection with an altercation at a restau-
rant, appealed to this court from the judgment of the trial court. A police
officer, who spoke to the victim and witnesses, and reviewed security
camera footage, responded affirmatively at trial when asked if his investi-
gation led him to conclude that probable cause existed for the defen-
dant's arrest. The defendant objected to the testimony on the ground
that the police officer's answer contained a legal conclusion, and the
trial court overruled the objection. The trial court also declined the
defendant's request to admit into evidence the psychiatric records of
the only direct witness to the altercation, who, in the months prior to
the altercation, maintained a YouTube channel and uploaded videos of
himself discussing his mental health struggles. *Held*:

1. The defendant's unpreserved claim that the trial court permitted the
   police officer to testify on an ultimate issue in violation of § 7-3 of the
   Connecticut Code of Evidence was unreviewable because it was not
   raised before the trial court; at no time did defense counsel raise any
   claim that the testimony constituted an opinion on an ultimate issue,
   the defendant's sole objection having been that it contained a legal
   conclusion, and, because the defendant's claim that the testimony vio-
   lated his constitutional rights was evidentiary in nature, rather than
   constitutional, it did not qualify for review pursuant to *State* v. *Golding*
   (233 Conn. 213).

2. The trial court did not abuse its discretion in denying the defendant's
   request to admit into evidence the witness' psychiatric records, the
   court having first conducted an in camera inspection of the records and
   determined that they contained nothing related to the witness' ability
   or capacity to relate the truth, or to observe, recollect or narrate the
   relevant occurrences.

Argued May 12—officially released September 14, 2021

*Procedural History*

Substitute information charging the defendant with
the crime of assault in the third degree, brought to
the Superior Court in the judicial district of Ansonia-
Milford, geographical area number twenty-two, and
tried to the jury before *McShane, J.*; verdict and judg-
ment of guilty, from which the defendant appealed to
this court. *Affirmed.*

*John R. Williams*, for the appellant (defendant).

*Timothy J. Sugrue*, assistant state's attorney, with
whom, on the brief, were *Margaret E. Kelley*, state's
attorney, and *Matthew R. Kalthoff*, assistant state's
attorney, for the appellee (state).

*Opinion*

ELGO, J. The defendant, Matthew S. Lavecchia, appeals from the judgment of conviction, rendered after a jury trial, of assault in the third degree in violation of General Statutes § 53a-61 (a) (1). On appeal, the defendant claims the trial court abused its discretion by (1) admitting into evidence the testimony of a police officer as to whether probable cause existed for the defendant's arrest and (2) excluding from evidence the psychiatric records of a witness for the state. We affirm the judgment of the trial court.

On the basis of the evidence presented at trial, the jury reasonably could have found the following facts. On February 2, 2018, the defendant and Haroon Ramzan got into an altercation at the Citrus Restaurant in Milford. The defendant struck Ramzan in the face multiple times, breaking his nose. The defendant subsequently was arrested and, following a jury trial, convicted of assault in the third degree. The court sentenced the defendant to a term of nine months of incarceration, execution suspended, and three years of probation. This appeal followed.

I

The defendant first claims that the court abused its discretion in admitting testimony from a police officer as to whether probable cause existed for the defendant's arrest. On appeal, the defendant contends that the officer improperly was permitted to testify on an "ultimate issue" in violation of § 7-3 of the Connecticut Code of Evidence. In response, the state argues that (1) the defendant failed to preserve this claim for appellate review, and (2) the claim is evidentiary in nature and, thus, not entitled to review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). We agree with the state.

The following additional facts and procedural history are relevant to this claim. At all relevant times, Christopher J. Deida was an officer with the Milford Police Department. On February 3, 2018, Deida was dispatched to the restaurant shortly after midnight. Upon arrival, he observed Ramzan bleeding and arranged for a paramedic to attend to him. Deida then spoke with Ramzan and other witnesses at the scene and reviewed security camera footage of the interactions between the defendant and Ramzan prior to the altercation.

On direct examination, Deida responded affirmatively when the prosecutor asked him whether his investigation led him to conclude that probable cause existed to arrest the defendant. The defendant objected to that testimony on the ground that Deida's answer contained a legal conclusion. The court overruled that objection.

At the close of Deida's testimony, the court provided

a curative instruction to the jury, stating in relevant part: "Ladies and gentlemen, we're going to break for the day. But . . . before I read you these instructions, I just want to tell you this. There was some testimony with regard to probable cause. And whether or not this officer believes there was probable cause. Whether or not this officer believes there's probable cause is not for you to take into consideration. In other words, you are the trier of fact, you will decide whether or not the defendant is guilty of the crime of assault in the third degree, not what this officer thinks. And there was [a] reference in regard to a judge. Whether or not a judge signed on probable cause. It wasn't answered whether a judge did or didn't. However, what is important to you, ladies and gentlemen, is this: you are the trier of fact, you are the ones who decide the facts in this case, and whether a judge or police officer believes there was probable cause, which is significantly less than . . . beyond a reasonable doubt, that you have to decide that, ladies and gentlemen.

"So, I ask that you just put aside . . . any concerns with regard to probable cause and who may have thought there was probable cause. You are the trier of fact, and you will decide whether or not the defendant is, in fact, guilty of the charge of assault in the third degree."

On appeal, the defendant contends that the court abused its discretion in permitting Deida's testimony regarding the existence of probable cause. As our Supreme Court has explained, "[t]he standard for the preservation of a claim alleging an improper evidentiary ruling at trial is well settled. This court is not bound to consider claims of law not made at the trial. . . . In order to preserve an evidentiary ruling for review, trial counsel must object properly. . . . In objecting to evidence, counsel must properly articulate the basis of the objection so as to apprise the trial court of the precise nature of the objection and its real purpose, in order to form an adequate basis for a reviewable ruling. . . . [A] party cannot present a case to the trial court on one theory and then seek appellate relief on a different one . . . . For this court to . . . consider [a] claim on the basis of a specific legal ground not raised during trial would amount to trial by ambuscade, unfair both to the [court] and to the opposing party." (Citations omitted; internal quotation marks omitted.) *State* v. *Edwards*, 334 Conn. 688, 703, 224 A.3d 504 (2020).

At trial, the defendant's sole objection to the testimony at issue was that it contained a legal conclusion. At no time did defense counsel raise any claim that Deida's testimony constituted an opinion on an ultimate issue. Because the defendant's objection was not properly raised before the court, his claim is unpreserved and, hence, unreviewable.

The defendant alternatively seeks review of his claim

pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40, claiming that the court's ruling on his objection to Deida's testimony amounted to a constitutional violation. That request is without merit. Although the defendant portrays the court's ruling on his objection to Deida's testimony as constitutional in nature, it remains settled law that "unpreserved evidentiary claims masquerading as constitutional claims" are not entitled to *Golding* review. (Internal quotation marks omitted.) *State* v. *Warren*, 83 Conn. App. 446, 451, 850 A.2d 1086, cert. denied, 271 Conn. 907, 859 A.2d 567 (2004); see also *State* v. *Taveras*, 49 Conn. App. 639, 645, 716 A.2d 120 ("[t]he improper admission of opinion testimony that answers a question that a jury should have resolved for itself is not of constitutional significance and is a type of evidentiary error" (internal quotation marks omitted)), cert. denied, 247 Conn. 917, 722 A.2d 809 (1998). Because the defendant's claim is evidentiary in nature, we decline to consider the merits of that unpreserved claim.

II

The defendant also claims that the court abused its discretion in declining to admit into evidence the psychiatric records of a witness for the state. We disagree.

The following additional facts are relevant to the defendant's claim. Tony Ly, a friend of Ramzan and an acquaintance of the defendant, was the only direct witness to the February 2, 2018 altercation. In the months prior to the altercation, Ly maintained a YouTube channel and uploaded videos of himself discussing his various mental health struggles. Disks containing several of those videos were marked for identification as exhibits for trial.

Prior to the commencement of trial, the state filed a motion in limine to "preclude inquiry or mention of . . . Ly's mental health." The defendant, in turn, requested an in camera review of Ly's psychiatric records. The court granted the defendant's motion, and Ly signed a waiver allowing his psychiatric records to be examined by the court.

After conducting an in camera review of those records, the court informed the parties that "nothing in [those records] relates to the witness' ability to or capacity to relate the truth, observe, recollect, or narrate relevant occurrences." The court then ordered Ly's psychiatric records to be sealed for possible appellate review. With respect to the state's motion in limine, the court informed the parties that the defendant would be afforded "broad discretion" to question Ly about his mental health. The court also informed the state that any objections to such a line of questioning would be handled on an individual basis.

On appeal, the defendant nevertheless claims that the court abused its discretion in excluding Ly's psychiatric

records from evidence. Our review of his claim is governed by the following principles. "Upon inspecting the records in camera, the trial court must determine whether the records are especially probative of the witness' capacity to relate the truth or to observe, recollect and narrate relevant occurrences. . . . If the court determines that the records are probative, the state must obtain the witness' further waiver of his privilege concerning the relevant portions of the records for release to the defendant, or have the witness' testimony stricken. If the court discovers no probative and impeaching material, the entire record of the proceeding must be sealed and preserved for possible appellate review. . . . Once the trial court has made its inspection, the court's determination of a defendant's access to the witness' records lies in the court's sound discretion, which we will not disturb unless abused. . . .

"Access to confidential records should be left to the discretion of the trial court which is better able to assess the probative value of such evidence as it relates to the particular case before it . . . and to weigh that value against the interest in confidentiality of the records. . . . [T]he linchpin of the determination of the defendant's access to the records is whether they sufficiently disclose material especially probative of the ability to comprehend, know and correctly relate the truth . . . so as to justify breach of their confidentiality and disclosing them to the defendant in order to protect his right of confrontation." (Citations omitted; footnote omitted; internal quotation marks omitted.) *State* v. *Slimskey*, 257 Conn. 842, 855–57, 779 A.2d 723 (2001). "On appeal, the appellate tribunal reviews the confidential records to determine whether the trial court abused its discretion in concluding that no information contained therein is especially probative of the victim's ability to know and correctly relate the truth so as to justify breaching their confidentiality in disclosing them to the defendant." (Internal quotation marks omitted.) *State* v. *Francis*, 267 Conn. 162, 172, 836 A.2d 1191 (2003).

We have conducted our own in camera review of the psychiatric records at issue and are convinced that the trial court did not abuse its discretion in denying the defendant's request to admit them into evidence. No information therein reflects any inhibition of Ly's ability to perceive the February 2, 2018 altercation between the defendant and Ramzan or his ability to testify at trial as to what he observed. See *State* v. *Santiago*, 224 Conn. 325, 337, 618 A.2d 32 (1992). We therefore conclude that the court did not abuse its discretion in excluding those psychiatric records from evidence.

The judgment is affirmed.

In this opinion the other judges concurred.

————————————————